

**SO ORDERED.**

**SIGNED this 25 day of March, 2009.**

```
_____
        JAMES D. WALKER, JR.
   UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 08-51832-JDW |
| ERIC DWAYNE CAMPBELL and | ) | |
| VALLIERE CAMPBELL, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtors:   James P. Smith
               577 Mulberry Street, Suite 800
               Macon, Georgia 31201

For Movant:    John T. McGoldrick, Jr.
               Post Office Box 1606
               Macon, Georgia 31202-1606

**MEMORANDUM OPINION**

This matter comes before the Court on First Guaranty Bank & Trust Company of Jacksonville's motion for stay relief. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors Eric and Valliere Campbell filed a Chapter 11 petition on July 15, 2008. First Guaranty Bank & Trust Company of Jacksonville ("the Bank") filed a motion for relief from the automatic stay to repossess a Rolls Royce automobile. The Court held a hearing on the motion on March 10, 2009. At the hearing, the parties stipulated to the following facts for purposes of this motion:

On April 10, 2006, the Bank extended $5 million credit to Mayport Road LLC. Debtors have a 50 percent interest in the company. The note was originally due on February 10, 2008, but was extended by modification to June 10, 2008. The note was personally guaranteed by Debtor Eric Campbell. Mr. Campbell gave the Bank a security interest in the Rolls Royce as collateral for his guarantee. The Bank values the car at $220,000 and Debtors value it at $225,000.

When Debtors filed their bankruptcy petition in July 2008, the loan had matured and was in default. Assuming the Bank is oversecured and the debt has continued to accrue interest, it has a current payoff of approximately $5,194,000.

In addition to the car, the Bank's $5 million note is secured by several other pieces of

collateral. It holds a second mortgage on a waterfront lot owned by Debtors at a yacht and country club in Jacksonville, Fla. The property has been valued at between $450,000 (by the first mortgage holder) and $550,000 (by Debtors). The debt to the first mortgage holder is $407,498. The Bank also has a first lien on an apartment building owned by Mayport Road LLC., which is valued–for purposes of this motion, only–at $2 million. Finally, the Bank has a second mortgage on 1.2 acres of undeveloped land outside of Jacksonville owned by the Atlantic Company.[1] It is worth $10.9 million and subject to a first mortgage of $6 million.

The parties agree the total value of collateral owned by Debtors is less than the amount of the debt, while the total value of collateral owned by all entities is more than the amount of the debt.

### Conclusions of Law

The Bank seeks stay relief pursuant to 11 U.S.C. § 362(d)(2), which provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
> ...
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> > > (A) the debtor does not have an [sic] equity in such property; and
> > > (B) such property is not necessary to an effective reorganization[.]

The primary dispute between the parties is whether Debtors have any equity in the Rolls Royce. Debtors contend when calculating equity, the Court should consider the Bank's total

---

[1] The parties did not indicate whether Debtors have any interest in the Atlantic Company. However, no such entity was listed in their schedules or statement of financial affairs.

collateral package, including property belonging to non-debtors, which is worth approximately $13.5 million, subject to liens totaling approximately $11.6 million. The Bank contends the Court should look only at the value of the Rolls Royce, which is valued at approximately $220,000 and subject to liens totaling approximately $5.2 million.

The statute provides for stay relief if the debtor has no equity "in such property." 11 U.S.C. § 362(d)(2)(A). The phrase "such property" apparently refers property protected by the automatic stay, id. § 362(d), which includes property of the estate and property of the debtor but not property of non-debtors. See id. § 362(a). However, bankruptcy courts are divided on the proper interpretation of the statute. Compare In re Colonial Center, Inc., 156 B.R. 452, 461 (Bankr. E.D. Pa. 1993) ("The measurement of equity in section 362(d) ... should depend upon the circumstances and the purpose behind the valuation of property.") with In re New Era Co., 125 B.R. 725, 729 (S.D.N.Y. 1991) ("[S]ection 362(d)(2) only demands an analysis of the debtor's equity in property[.]").

The Court need not analyze the merits of the two positions at this time. There is no question Debtors must relinquish the Rolls Royce. Its value will either benefit the Bank or the unsecured creditors. Therefore, it is appropriate to allow stay relief for the limited purpose of selling the Rolls Royce. The proceeds of the sale shall be held by the Bank as property of the estate, which the Bank may not disburse until further order of the Court. Such further order will depend on a change in circumstances, such as liquidation of other collateral and the conclusion of additional litigation that affects the Bank's security. The Court will consider entering such further order upon application of any party in interest at such time as a change of circumstances should occur.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT